1
2
3
4
5
6
7

## IN THE UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT TACOMA

8

9

10

| | |
|---|---|
| OHIO SECURITY INSURANCE COMPANY, a foreign insurer, and THE OHIO CASUALTY INSURANCE COMPANY, a foreign insurer, | No. _____ |
| Plaintiffs, | COMPLAINT FOR DECLARATORY RELIEF |
| vs. | |
| BLACK LAKE QUARRY, LLC, a Washington Limited Liability Company; BLACK LAKE RESOURCES, INC., a Washington Corporation; BLR LLC, a Washington Limited Liability Company, MICHAEL PARSONS and STEFANI PARSONS, and their marital community; and DYLAN PARSONS, an individual, | |
| Defendants. | |

21

Plaintiffs Ohio Security Insurance Company (hereinafter "OSIC") and The Ohio Casualty Insurance Company, (hereinafter "OCIC"), for their Complaint for Declaratory Judgment against Defendants Black Lake Quarry, LLC ("BLQ"), Black Lake Resources, Inc. ("BLR"), and BLR LLC, Michael and Stefani Parsons and Dylan Parsons (collectively, "Parsons"), allege as follows:

COMPLAINT FOR DECLARATORY RELIEF
(Cause No. _____) – 1
JMS1379.822/3720961x

WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

1

## I. NATURE OF THE ACTION

2

    1.     This is an insurance coverage action seeking declaratory relief pursuant to the

3

Declaratory Judgment Act, 28 U.S.C. § 2201, wherein OSIC and OCIC seek a determination

4

that they have no duty to defend or indemnify BLQ, BLR, BLR LLC or Parsons, under certain

5

insurance policies with respect to claims that have been asserted against those defendants in

6

counterclaims and third party claims in a civil action filed in Thurston County Superior Court,

7

styled, *Black Lake Quarry, LLC, et al. v. Black Rock Resources, LLC, et al.*, currently pending

8

under Cause No. 19-2-01233-34 (the "Underlying Lawsuit"). A copy of the Second Amended

9

Answer, Counterclaims and Third Party Complaint in the Underlying Lawsuit is attached

10

hereto as Exhibit 1. OSIC is currently defending BLQ, BLR, BLR LLC and Parsons

11

(collectively, "the BLQ Defendants") with respect to the counterclaims and third party claims

12

alleged against them in the Underlying Lawsuit, under a reservation of rights. In this action,

13

14

OSIC also seeks to recover the amounts it has paid for the defense of BLQ, BLR, BLR LLC

15

and Parsons in the Underlying Lawsuit.

16

## II.      PARTIES

17

    2.     Plaintiff Ohio Security Insurance Company ("OSIC") is a foreign corporation,

18

19

incorporated under the laws of the State of New Hampshire with its principal place of

20

business in Boston, Massachusetts, and is authorized to do business and transacts business in

21

the State of Washington.

22

23

    3.     Plaintiff The Ohio Casualty Insurance Company ("OCIC") is a foreign

24

corporation, incorporated under the laws of the State of New Hampshire with its principal

25

place of business in Boston, Massachusetts. OCIC is authorized to do business and transacts

26

business in the State of Washington.

COMPLAINT FOR DECLARATORY RELIEF
(Cause No. _____) – 2
JMS1379.822/3720961x

WILSON
SMITH
COCHRAN
DICKERSON

901 Fifth Avenue, Suite 1700
Seattle, Washington 98164
Telephone: (206) 623-4100
Fax: (206) 623-9273

4.      Defendant BLQ is a Washington limited liability company with its principal place of business in Thurston County, Washington.

5.      Defendant BLR is a Washington corporation with its principal place of business in Thurston County, Washington.

6.      Defendant BLR LLC is a Washington limited liability company with its principal place of business in Thurston County, Washington.

7.      Based upon information and belief, Defendants Michael Parsons and Stefani Parsons, husband and wife, are residents of Thurston County.

8.      Based upon information and belief, Dylan Parsons – whose legal name is believed to be Michael Dylan Parsons, is a resident of Thurston County.

### III.      JURISDICTION & VENUE

9.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the plaintiffs are a citizen of different states than all defendants.

10.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

11.      Intradistrict assignment is proper in this division pursuant to LCR 3(e) because a substantial part of the events or omissions that gave rise to the claim occurred in Thurston and Pierce Counties.

12.      OSIC and OCIC seek declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201 and ask the Court to interpret and apply the provisions of the OSIC and OCIC insurance policies  described below, and to make a declaration that there is no coverage

COMPLAINT FOR DECLARATORY RELIEF
(Cause No. _____) – 3
JMS1379.822/3720961x



WILSON
SMITH
COCHRAN
DICKERSON

901 Fifth Avenue, Suite 1700
Seattle, Washington 98164
Telephone: (206) 623-4100
Fax: (206) 623-9273

under the policies for the any of the counterclaims and third party claims alleged against the BLQ Defendants in the Underlying Litigation.  Pursuant to the Declaratory Judgment Act, a justiciable controversy exists between the parties.

## IV.  THE UNDERLYING LAWSUIT

13.  On or about March 7, 2019, BLQ and BLR filed suit against BRR, Patrick Scoccolo and Mark Scoccolo in the Underlying Litigation.

14.  On May 21, 2019, the defendants in the Underlying Litigation filed an Answer, Counterclaim and Third Party Complaint (combined) against BLQ and BLR, Michael Parsons and Dylan Parsons.  On June 23, 2020, the Second Amended Answer, Counterclaims and Third Party Complaint ("SAC") was filed, adding BLR, LLC as a Third Party Defendant.  A true and correct copy of the SAC is attached hereto as Exhibit 1 and incorporated by reference herein.

15.  In the Counterclaims alleged in the SAC, the defendants made allegations that include the following:

a.  Beginning in January 2017, BRR (and the other, commonly owned defendant companies) performed work for BLQ, BLR, Michael Parsons and Dylan Parsons.  Counterclaim ¶ 13, 15.

b.  BLQ owns a rock quarry and gravel pit (¶ 14), and BLR was formed by BLQ and BRR for the purposes of mining these properties.  Counterclaim ¶ 14-15.

c.  On September 6, 2016, BLQ and BRR entered into a "Mining, Processing, and Fill License Agreement," ("Agreement") which was superseded by later agreement on January 20, 2017.  Counterclaim ¶ 16.

d.  In January 2017, BLQ and BRR formed BLR in order to mine and sell Material Sources' mining resources (Counterclaim ¶ 19).  BLQ agreed to not take actions that would hinder BRR's ability to mine and process the materials.  *Id.*

COMPLAINT FOR DECLARATORY RELIEF
(Cause No. _____) – 4
JMS1379.822/3720961x



WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

e.   That BLQ, through each Parsons defendant, interfered with BRR's operations, improperly handled BLR's finances, and has mishandled cash, failed to the pay BRR and the related companies (Aztec, SCII) amounts owed and otherwise breached the Agreement.  Counterclaim ¶ 24-37, 42-53.

f.   That SCI is assignee for another company (Pinnacle) that BLQ failed to pay, and also counterclaims against BLQ.  Counterclaim ¶¶ 38-41.  BRR alleges that BLQ and each Parsons defendant breached fiduciary duties owed to BRR, and through various acts alleged to have mishandled the business venture.  Counterclaim ¶¶ 54-57, 76-79.  On March 13, 2019, it is alleged, both Parsons formed BLR, LLC, and began transferring assets from BLR to BLR, LLC without the approval of BRR.  Counterclaim ¶¶ 64-75.

g.   That BLQ and defendant Michael Parsons "stole tires from equipment owned by Aztec" replacing the new tires with old tires before being sent to auction.  Counterclaim ¶¶ 58-61.  The equipment went to auction without the new tires, and brought $25,000 less than the equipment should have.  Counterclaim ¶ 62.     BLQ allegedly failed to pay the tire company for the switch from original tires to      new tires.  Counterclaim ¶ 63.

16.   The operative allegations in the Third Party Complaint  as to BLR, LLC and Michael and Dylan Parsons are as follows:

9.  Based upon information and belief, Black Lake Resources, LLC ("BLR LLC") is a Washington corporation conducting business within the State of Washington and Thurston County. BLR LLC has received funds misappropriated from  BLR for the benefit of Michael Parsons, Dylan Parsons, and BLQ. Michael Parsons, Dylan Parsons, and John Peters are officers, directors, members, managers, or governors of BLR LLC.

10.  Based upon information and belief, Michael Parsons and Stefani Parsons, husband and wife, are residents of Thurston County. All of the wrongful acts alleged herein were done for the benefit of their marital community. Michael Parsons is an officer, director, member, manager, or governor of BLQ, BLR, and BLR LLC (collectively, "Plaintiff entities").

11.  Based upon information and belief, Dylan Parsons – whose legal name is believed to be Michael Dylan Parsons but goes by Dylan Parson – is a resident of Thurston County and an officer, director, member, manager, or governor of BLQ, BLR, and BLR LLC (collectively, "Plaintiff entities").
…



WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

64. On March 13, 2019, Michael and Dylan Parsons formed BLR LLC, a Washington limited liability company with the same principle office address as BLQ, with the same registered agent as BLQ (i.e., Michael Parsons), and with two of the three same governors as BLQ (i.e., Michael and Dylan Parsons).

65. After its formation, BLR LLC performed the same functions and BLR, and Michael and Dylan Parson began transferring assets and property from BLR to BLR LLC without notifying or seeking approval from BRR or Mark and Patrick Scoccolo or providing reasonably equivalent value in exchange.

66. BLR LLC is now in possession and control of the mining operations that BLR is entitled to under the Mining Agreement.

67. Based on information and belief, Michael and Dylan Parsons established BLR LLC with the intent to misappropriate funds from BLR and to engage in self-dealing, all in breach of fiduciary duties Michael and Dylan Parsons owe to BLR and its shareholders, including BRR.

68. Based on information and belief, Dylan and Michael Parsons have misappropriated BLR funds for the benefit of BLR LLC in breach of fiduciary duties they owe to BLR and its shareholders, including BRR.

69. Substantially all BLR's assets have been—and continue to be— transferred by BLQ, through Michael and Dylan Parsons, to BLR LLC, leaving BLR unable to meet its obligations and debts to BRR, defendant entities, and federal tax liability.

70. BLR has not received reasonably equivalent consideration for the assets and property it transferred to BLR LLC.

71. BRR has been damaged—and continues to incur damages—by Dylan and Michael Parsons' breach of fiduciary duties owed to BLR and BRR.

72. BRR, Mark Scoccolo, Patrick Scoccolo, Aztec, Pinnacle, and SCII have been damaged by BLQ's transfer, through the actions of Michael and Dylan Parsons, of BLR's assets to BLR LLC.

73. The transfer of BLR funds and assets to BLR LLC without the authorization of BRR was with an intent to hinder, delay, or defraud BRR in violation of RCW 19.40.041(1)(a).

74. The transferred funds and assets from BLR to BLR LLC were without reasonably equivalent value in exchange for the transfers in violation of RCW 19.40.041(1)(b).

75. Dylan and Michael Parsons and BLQ's unilateral act of transferring all assets from BLR to BLR LLC, for no consideration, was in clear violation of RCW 19.40 et al. (Washington's Uniform Voidable Transaction Act).



WILSON SMITH COCHRAN DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

…

77.  Dylan and Michael Parsons' transfer of BLR funds and assets to BLQ
prior to paying BRR, other-third party entities, and BLR's federal tax liability
is also a violation of RCW 19.40.041(1)(a).

17.     In its Counterclaims and Third Party Complaint, BRR seeks relief which includes, but is not limited to the following:  injunctive relief against BLQ, BLR, BLR LLC and each Parsons defendant, judgment for the alleged fraudulent transfers, attachment against the BLQ-owned properties, judgments under the various Agreements between BLQ and BRR, and between BLQ and Aztec, Pinnacle and SCII, recovery under the theory of *quantum meruit*, judgment against BLR, LLC, each Parsons defendant and BLQ for the mis – appropriation of BLR property, and foreclosure of liens assigned to BRR.

18.     Through their respective counsel, BLQ, BLR and BLQ LLC have tendered the Counterclaims and Third Party Complaint in the Underlying Litigation, respectively to OSIC and OCIC. OSIC and OCIC have timely responded to each of the tenders, by letters dated August 25, 2020 (BLQ), and October 7, 2020 (BLR and BLQ LLC), true and correct copies of which are attached, respectively, hereto as Exhibits 2, 3 and 4, and incorporated by reference herein. OSIC and OCIC have notified each of the BLQ Defendants that they have concluded that the OSIC and OCIC insurance policies referenced in this Complaint do not provide any coverage for the claims alleged against any of the BLR Defendants in the SAC filed in the Underlying Litigation, that they would be commencing a declaratory judgment action, asking a court to confirm their coverage determination, and that in the interim, OSIC will defend the BLQ Defendants with respect to the claims alleged against them in the

COMPLAINT FOR DECLARATORY RELIEF
(Cause No. _____) – 7
JMS1379.822/3720961x

WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

Underlying Litigation, subject to a full reservation of rights, including the right to deny coverage, withdraw from the defense, and pursue recoupment of defense expenses.

## V.    THE INSURANCE POLICIES

### A.    The OSIC Policies

19.    OSIC issued the following policies (hereinafter "OSIC Policies"), true and correct copies of which are attached hereto as Exhibit 5 and incorporated by reference herein:

Policy No.:    BKS (18) 57 99 88 93
Policy Period: 5/18/17 to 5/18/18

Policy No.:    BKS (19) 57 99 88 93
Policy Period: 5/18/18 to 5/18/19

Policy No.:    BKS (20) 57 99 88 93
Policy Period: 5/18/19 to 5/18/20

Policy No.:    BKS (21) 57 99 88 93
Policy Period: 5/18/20 to 5/18/21

Each policy listed above has liability limits of $1,000,000 each occurrence/offense, and a General Aggregate Limit (Other than Products-Completed Operations) limit of $2,000,000.

20.    The first Named Insured on OSIC Policies in effect from 5/18/17 to 5/18/18 and 5/18/18 to 5/18/19 is BLR. BLR LLC is not a named insured on those Policies, nor does it qualify as an insured under those Policies.

21.    The first Named Insured on OSIC Policies in effect from 5/18/19 to 5/18/20 and 5/18/20 to 5/18/21 is BLR LLC.

22.    Black Lake Quarry, LLC ("BLQ") is listed as an Other Named Insured on the OSIC Policies.

### A.    Coverage A - Bodily Injury and Property Damage Liability

23.    The Coverage A Insuring Agreement provides as follows:

COMPLAINT FOR DECLARATORY RELIEF
(Cause No. _____) – 8
JMS1379.822/3720961x

WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON  98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. . . .

   **b.** This insurance applies to "bodily injury" and "property damage" only if:

   **(1)**     The "bodily injury" or "property damage" is caused by an "occurrence" . . . .

   **(2)**     The "bodily injury" or "property damage" occurs during the policy period . . . .

   **(3)** Prior to the policy period, no insured listed under Paragraph 1. of Section II - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

   **c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

   **d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

   **(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

COMPLAINT FOR DECLARATORY RELIEF
(Cause No. _____) – 9
JMS1379.822/3720961x



WILSON SMITH COCHRAN DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

**(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

**(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

24.     The OSIC Policies include the following definitions which apply to the foregoing Insuring Agreement:

**3.**   "Bodily injury[1]" means physical injury, sickness or disease sustained by a person. This includes mental anguish, mental injury, shock, fright or death that results from such physical injury, sickness or disease.

\* \* \*

**13.**  "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

**17.**  "Property damage" means:

**a.**   Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.**   Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

\* \* \*

**18.**  "Suit" means a civil proceeding in which damages because of "bodily injury," "property damage" or "personal and advertising injury" to which this insurance applies are alleged.  "Suit" includes:

**a.**   An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

**b.**   Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

---

[1] "Bodily injury" is redefined in endorsement, Commercial General Liability Extension form no. CG 88 10 04 13.

COMPLAINT FOR DECLARATORY RELIEF
(Cause No. _____) – 10
JMS1379.822/3720961x



WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

25.     The OSIC Policies include the following exclusion:

**2.  Exclusions**

This insurance does not apply to:

      **a.     Expected Or Intended Injury**

          "Bodily injury" or "property damage" expected or intended from the           standpoint of the insured.  …

**B.     Coverage B – Personal and Advertising Injury Liability**

26.     The Coverage B – Personal and Advertising Injury Liability Insuring Agreement provides, as follows:

**COVERAGE B - PERSONAL AND ADVERTISING INJURY LIABILITY**

**1.  Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply . . . .

    **b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

27.     The OSIC Policies include the following pertinent definition:

    **14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

        **a.** False arrest, detention or imprisonment;

        **b.** Malicious prosecution;

        **c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;


WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

**d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

**e.** Oral or written publication, in any manner, of material that violates a person's right of privacy;

**f.** The use of another's advertising idea in your "advertisement"; or

**g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".

\* \* \*

28.    The OSIC Policies, Coverage B, include the following exclusions:

This insurance does not apply to:

**a.    Knowing Violation Of Rights Of Another**

[This "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

\* \* \*

**f.    Breach Of Contract**

"Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement".

**C.        Policy Conditions**

29.    The OSIC Policies require notice to OSIC "as soon as practicable" (**Section IV – COMMERCIAL GENERAL LIABILITY CONDITIONS, 2.a.**) of any "occurrence" or an offense which may result in a claim.  If a claim is made or "suit" is brought against any insured, the insured must notify OSIC as soon as practicable and immediately send OSIC copies of any demands, notices, summonses or legal papers received in connection with the claim or suit.  Condition **2.b.** and **2.c.**

COMPLAINT FOR DECLARATORY RELIEF
(Cause No. _____) – 12
JMS1379.822/3720961x



WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

**D.      The Washington Changes – Defense Costs Endorsement**

30.      The OSIC Policies each contain an endorsement titled WASHINGTON CHANGES – DEFENSE COSTS, bearing form number IL 01 23 11 13 and which provides for reimbursement of defense costs in the event it is determined no coverage was owed:

> **A**. The Provisions of Paragraph **B**. are added to all Insuring Agreements that set forth a duty to defend under:
>
>> 1. Section I of the Commercial General Liability, Commercial Umbrella . . .
>
> **B**. If we initially defend an insured ("insured") or pay for an insured's ("insured's") defense but later determine that none of the claims ("claims"), for which we provided a defense or defense costs, are covered under this insurance, we have the right to reimbursement for the defense costs we have incurred.
>
> The right to reimbursement under this provision will only apply to the costs we have incurred after we notify you in writing that there may not be coverage and that we are reserving our rights to terminate the defense or the payment of defense costs and to seek reimbursement for defense costs.

31.      OSIC has notified each of the BLQ Defendants that it has determined that there is no coverage available to them for any of the matters alleged in the Underlying Lawsuit, and that it will nonetheless defend them, under a complete reservation of rights,  reserving the right to terminate the defense or the payment of defense costs and to seek reimbursement for defense costs, to the fullest extent permitted by the OSIC Policies and applicable law.

**E.      The OCIC Excess Liability Policies**

32.      OCIC issued the following policies  (hereinafter "Excess Liability Policies"):

Policy No.:          ESO (18) 57 99 83 93
Policy Period:     5/18/17 to 5/18/18

Policy No.:          ESO (19) 57 99 88 93
Policy Period:     5/18/18 to 5/18/19

Policy No.:          ESO (20) 57 99 88 93
Policy Period:     5/19/19 to 5/18/20

COMPLAINT FOR DECLARATORY RELIEF
(Cause No. _____) – 13
JMS1379.822/3720961x



WILSON SMITH COCHRAN DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON  98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

Policy No.:        ESO (21) 57 99 88 93
Policy Period:     5/18/20 to 5/18/21

Each of the above policies has a liability limit of $3,000,000 each occurrence/offense, and in the aggregate. True and correct copies of the policies are attached hereto as Exhibit 6 and by reference incorporated herein.

33.    The first Named Insured on Excess Liability Policies in effect from 5/18/17 to 5/18/18 and 5/18/18 to 5/18/19 is Black Lake Resources Inc. ("BLR"). BLR LLC is not a named insured on those Policies, nor does it qualify as an insured under those Policies. The first Named Insured on Excess Liability Policies in effect from 5/18/19 to 5/18/20 and 5/18/20 to 5/18/21 is BLR LLC. ("BLR LLC"). Black Lake Quarry, LLC ("BLQ") is listed as an Other Named Insured on the Excess Liability Policies.

34.    The Insuring Agreement for the Excess Liability Policies  provides:

**I.  COVERAGE**

We will pay on behalf of the Insured the amount of "loss" covered by this insurance in excess of the "Underlying Limits of Insurance" shown in Item **5.** of the Declarations, subject to **INSURING AGREEMENT** Section **II., Limits of Insurance.** Except for the terms, conditions, definitions and exclusions of this policy, the coverage provided by this policy will follow the "first underlying insurance."

35.    The Excess Liability Policies do not provide for a defense of insureds:

**III.   DEFENSE**

    **A.**    We will not be required to assume charge of the investigation of any claim or    defense of any suit against you.

43.    The Excess Liability Policies define "Loss" as follows:

    **B.**    "Loss" means those sums actually paid in the settlement or satisfaction of a `    claim which you are legally obligated to pay as damages after making proper   deductions for all recoveries and salvage.

COMPLAINT FOR DECLARATORY RELIEF
(Cause No. _____) – 14
JMS1379.822/3720961x



WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

36.     The Excess Policies require the insured to see to it that OCIC is notified  as soon as practicable (**Section VI, CONDITIONS**) of an "occurrence" which may result in a claim or suit what may involve the Excess Policy.   Condition **H.1.** Notice of Occurrence. Additionally, the insured must notify OCIC in writing as soon as practicable, if a claim or suit against any insured is reasonably likely to involve this policy.  Condition **H.2.**  In addition, the insured must immediately send OCIC copies of any demands, notices, summonses or legal papers received in connection with the claim or suit.  Condition **H.3.a.**

**E.     Commercial Inland Marine Policy No. BMO1958015758**

37.     In correspondence tendering the claims against their respective clients in the Underlying Litigation, counsel for  BLQ, BLR and BLQ LLC have referred to an insurance policy, with a policy number BMO1958015758. OCIC issued an insurance policy, with policy number BMO1958015758 to BLR.  OCIC has notified counsel that the referenced insurance policy is a commercial inland marine policy, a type of first party property coverage that would not respond to the above noted claims in the Litigation against BLR, and that OCIC therefore would not evaluate coverage for the Underlying Lawsuit under the commercial inland marine policy. OCIC also has noted that BLR LLC is not listed as the first named insured nor is a named insured under that insurance policy and therefore does not appear to have insured standing to make a claim for coverage under the commercial inland marine policy.   OCIC has requested that counsel advise OCIC if they believe the inland marine coverage under this policy affords coverage to their clients and if so, to state the basis for such coverage.  OCIC has received no response to its request from any of the BLQ Defendants' counsel.

COMPLAINT FOR DECLARATORY RELIEF
(Cause No. _____) – 15
JMS1379.822/3720961x

WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

## VI. FIRST CLAIM FOR RELIEF: DECLARATORY JUDGMENT REGARDING INSURANCE COVERAGE

38.     OSIC and OCIC reassert all preceding paragraphs in this Complaint and incorporate the same as though fully stated herein.

39.     There is an actual and justiciable controversy as to whether the OSIC and OCIC Policies provide insurance coverage for any of the allegations made against the BLQ Defendants in the Underlying Lawsuit. OSIC and OCIC are entitled to a declaratory judgment as follows:

### A.     The OSIC Policies

40.     Pursuant to the Coverage  A -  Bodily Injury and Property Damage Liability Insuring Agreement,  Coverage A potentially applies to those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" caused by an "occurrence" as defined by the OSIC policies.

### 1.     BLR.

41.     OSIC has no duty to defend or  indemnify BLR under Coverage A -  Bodily Injury and Property Damage Liability of the  OSIC Policies, regarding any of the matters alleged against BLR in the Underlying Litigation, for reasons which include, but are not limited to the following:

    a.    The Counterclaims in the Underlying Litigation do not seek actual or alleged damages because of "bodily injury" or "property damage" caused by an "occurrence" (defined as an accident), as those terms are defined in the Coverage A Insuring Agreement;

    b.    The economic losses alleged in the Counterclaims are not alleged to have been the result of "accidents", as required;

    c.    To the extent the economic losses alleged in the Counterclaims were incurred outside of the policy periods, there is no coverage;  and



d.      To the extent the economic losses may have been known to BLR prior
        to one or more policy periods, there is no coverage.

### 2.    BLQ.

42.    OSIC has no duty to defend or  indemnify BLQ under Coverage A -  Bodily
Injury and Property Damage Liability of the OSIC Policies, regarding any of the matters
alleged against BLQ in the Underlying Litigation, for reasons which include, but are not
limited to the following:

a.      The Counterclaims in the Underlying Litigation do not seek actual or
        alleged damages because of "bodily injury" or "property damage"
        caused by an "occurrence" (defined as an accident), as those terms are
        defined in the  Coverage A Insuring Agreement;

b.      The economic losses alleged in the Counterclaims are not alleged to
        have been the result of "accidents", as required;

c.      To the extent the economic losses alleged in the Counterclaims were
        incurred outside of the policy periods, there is no coverage;  and

d.      To the extent the economic losses may have been known to BLR prior
        to one or more policy periods, there is no coverage.

### 3.    BLR LLC.

43.    OSIC has no duty to defend or  indemnify BLR LLC under Coverage A -
Bodily Injury and Property Damage Liability of the OSIC Policies, regarding any of the
matters alleged against BLR LLC in the Underlying Litigation, for reasons which include, but
are not limited to the following:

a.      BLR LLC is not a named insured on the Policies that were in effect
        from 5/18/17 to 5/18/18 and 5/18/18  to 5/18/19, nor does it qualify as
        an insured under those Policies;

b.      The Third Party Complaint in the Underlying Litigation does not seek
        actual or alleged damages because of "bodily injury" or "property

COMPLAINT FOR DECLARATORY RELIEF
(Cause No. _____) – 17
JMS1379.822/3720961x



WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

damage" caused by an "occurrence" (defined as an accident), as those terms are defined in the Coverage A Insuring Agreement;

c.    The economic losses alleged in the Third Party Complaint are not alleged to have been the result of "accidents", as required;

d.    To the extent the economic losses alleged in the Third Party Complaint were incurred outside of the policy periods, there is no coverage;  and

e.    To the extent the economic losses may have been known to BLR LLC prior to one or more policy periods, there is no coverage.

**4.    The Parsons.**

44.    OSIC has no duty to defend or indemnify Dylan Parsons or Michael Parsons, under Coverage A -  Bodily Injury and Property Damage Liability of the OSIC Policies, for reasons which include, but are not limited to the following:

a.    Neither Dylan nor Michael Parsons is a named insured under any of the Policies;

b.    With respect to BLQ, Defendants Michael Parsons and Dylan Parsons do not qualify as insureds to the extent they are alleged in the SAC to have acted in any capacity other than as members or managers of BLQ, with respect to the conduct of BLQ's business.

c.    With respect to BLR, Defendants Michael Parsons and Dylan Parsons do not qualify as insureds to the extent they are alleged in the SAC to have acted in any capacity other than as officers, directors or stockholders of BLR, acting pursuant to their duties as officers, directors or stockholders of BLR.

d.    With respect to BLR LLC, Dylan and Michael Parsons do not qualify as insureds to the extent they are alleged in the SAC to have acted in any capacity other than as members or managers of BLR LLC, conducting BLR LLC's business, nor to the extent they are alleged to have acted as members or managers of BLR LLC between 5/18/17 to 5/18/19, because BLR LLC is not an insured under the Policies during that time period;

e.    The Counterclaims in the Underlying Litigation do not seek actual or alleged damages because of "bodily injury" or "property damage"

COMPLAINT FOR DECLARATORY RELIEF
(Cause No. _____) – 18
JMS1379.822/3720961x

WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

caused by an "occurrence" (defined as an accident), as those terms are defined in the Coverage A Insuring Agreement;

f.    The economic losses alleged in the Counterclaims are not alleged to have been the result of "accidents", as required;

g.    To the extent the economic losses alleged in the Counterclaims were incurred outside of the policy periods, there is no coverage; and

h.    To the extent the economic losses may have been known to Dylan Parsons or Michael Parsons prior to a policy period and they qualify as one or more of the types of persons described in Section 1.(b)(3) or 1.(c) of the Insuring Agreement, there is no coverage under the policy, for that and any succeeding policy periods.

**5.**    **All BLQ Defendants.**

45.    As to all of the BLQ Defendants, any insurance coverage otherwise available under the Coverage A Insuring Agreement is barred, in whole, or in part by the following Coverage A Exclusion:

**2.  Exclusions**

This insurance does not apply to:

**a.**    **Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. …

46.    OSIC has no duty to defend or indemnify any of the BLQ Defendants under Coverage B - Personal and Advertising Injury Liability Personal Bodily Injury in the OSIC policies, regarding any of the matters alleged against them in the Underlying Litigation, for reasons which include, but are not limited to the following:

a.    the allegations in the SAC do not conceivably allege that any of the BLQ Defendants is legally obligated to pay damages because of "personal and advertising injury," as defined in the Coverage B Insuring Agreement in the OSIC policies; and

COMPLAINT FOR DECLARATORY RELIEF
(Cause No. _____) – 19
JMS1379.822/3720961x



WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

b.      any insurance coverage under the Coverage B Insuring Agreement also is barred, by application of Coverage B, Exclusions **a.** (Knowing Violation Of Rights Of Another) and **f.** (Breach of Contract).

47.      OSIC has no duty to defend or indemnify any of the BLQ Defendants under Coverage A or Coverage B to the extent they have not complied with their respective duties under **Section IV – COMMERCIAL GENERAL LIABILITY CONDITIONS, 2.a., b.,** and **c.** in the OSIC policies, to the actual and substantial prejudice of OSIC.

**B.      The OCIC Excess Policies**

48.      There is no insurance coverage for any of the BLQ Defendants under the OCIC Excess Policies, as no coverage is afforded to them under the underlying policies for any of the allegations made against them in the Underlying Litigation. Further, BLR LLC is not an insured under the Excess Policies for the period from 5/18/17 – 5/18/17.

49.      There is no insurance coverage for any of the BLQ Defendants under the OCIC Excess Policies,  to the extent they have they have not complied with their respective duties under **Section VI, CONDITIONS,** Conditions **H.1,.2** and **.32.a., b.,** and **c.**  in the OSIC policies, to the actual and substantial prejudice of OSIC.

**VII.      SECOND CLAIM FOR RELIEF: DEFENSE COST REIMBURSEMENT (By OSIC)**

50.      All preceding paragraphs in this Complaint are reasserted and incorporated the same as though fully stated herein.

51.      By letters dated August 25, 2020 (BLQ), and October 7, 2020 (BLR and BLQ LLC), OSIC informed the BLQ Defendants that there is no coverage available to them for any of the matters alleged in the Underlying Lawsuit, and that it will nonetheless defend them,

COMPLAINT FOR DECLARATORY RELIEF
(Cause No. _____) – 20
JMS1379.822/3720961x



WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

under a complete reservation of rights,  reserving the right to terminate the defense or the payment of defense costs and to seek reimbursement for defense costs, to the fullest extent permitted by the OSIC Policies and applicable law.  True and correct copies of the afore-mentioned letters are attached, respectively, hereto as Exhibits 2, 3 and 4, and incorporated by reference herein.

52.     Because there is no coverage under the the OSIC Policies for the claims and damages alleged against the BLQ Defendants in the Underlying Lawsuit,  OSIC has the right pursuant to Endorsement No. IL 01 23 11 13 to  reimbursement of defense costs paid by OSIC in defense of the Underlying Action, in an amount to be proven at the time of trial.

## VII.    RESERVATION OF RIGHTS

53.     OSIC and OCIC reserve the right to amend its prayer for relief upon further discovery and/or pending any potential judgments or verdicts in the Underlying Lawsuit.

## VIII.   PRAYER FOR RELIEF

Having stated a claim for declaratory relief against the Defendants, OSIC and OCIC request that the Court enter judgment in their favor, and against each of the Defendants, as follows:

1.     Declaring that OSIC and OCIC have no duty to defend, indemnify or provide any benefits or coverage to any of the BLQ Defendants under their respective Policies with respect to any of the claims asserted against them in the Underlying Litigation;

2.     Declaring that OSIC is entitled to withdraw from the defense of the BLQ Defendants in the Underlying Litigation and to recoup from each of the BLQ Defendants the costs incurred in providing a defense to each of them under a reservation of rights;

WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

3.      Awarding OSIC and OCIC their costs;

4.      Awarding OSIC judgment against each BLQ Defendant for all defense costs paid for each BLQ Defendant; and

5.      Affording other and further relief as the Court deems just and equitable.

DATED this 13th day of November, 2020.

_s/  John M. Silk_____
John M. Silk, WSBA No. 15035
WILSON SMITH COCHRAN DICKERSON
901 Fifth Avenue, Suite 1700
Seattle, WA  98164-2050
(206) 623-4100 telephone
silk@wscd.com
Attorneys for Plaintiffs

COMPLAINT FOR DECLARATORY RELIEF
(Cause No. _____) – 22
JMS1379.822/3720961x

WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON  98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273